## No. 13,056.

STOLLINS ET AL. *v.* SHIDELER ET AL.

(11 P. [2d] 562)

Decided May 2, 1932.

Messrs. Rifkin & Rifkin, Mr. A. B. Manning, for plaintiffs in error.

Mr. Edward H. Ellis, Mr. Chas. W. V. Feigel, for defendants in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

J. E. Shideler, called herein the plaintiff, obtained a judgment in the county court of Boulder county against Lawrence Roe and Julia Roe. On November 13, 1930, he caused a garnishment summons to be served upon Paramount Life Company. That company answered, denying indebtedness to the defendants; and alleging that it had employed Roe and others to move a house for $250, that Roe was indebted to the garnishee in the sum of $25 for damages done to the house in moving, and that laborers employed on the job were claiming $248.40 for their work. The plaintiff traversed the answer. The damages were admitted on the trial. Stollins, Van Gorder, McGinn, Edwards, Springer, Giggey, Griffin and Wakefield intervened, claiming $248.40 for services in moving the house. The plaintiff answered, denying the allegations in the petition in intervention. In the county court all of the issues were found for the plaintiff, and judgment was rendered accordingly. Upon appeal to the district court, the case was tried to the court without a jury, and the findings and judgment were for the plaintiff. The garnishee and the interveners bring the case here for review.

■ 1. The garnishee moved to strike the traverse on the ground that it was filed after the expiration of the statutory time. The motion was denied, and that ruling is attacked as erroneous. The Code of Civil Procedure (§144) requires the traverse to be filed within ten days after the expiration of the time allowed for the filing of the garnishee's answer. The time for filing the answer in this case expired December 26, 1930, but the answer was not filed until January 8, 1931, thirteen days after the expiration of the time allowed. How the plaintiff, within ten days after December 26, 1930, could traverse an answer not then on file, is not explained by counsel for the garnishee. The garnishee, by its own delay, having made it impossible for the plaintiff to file the traverse within the statutory time, is in no position to complain. It cannot take advantage of a situation brought about by its own neglect. The denial of the motion was not error.

2. The garnishee and the interveners claim that before the work of moving commenced, there was either an assignment by Roe to the interveners of the money to become due to Roe, or there was a novation whereby the garnishee became directly liable to the interveners for the value of the services they were to render. Some evidence was introduced to sustain the contention, but there were circumstances pointing the other way. Two days after the service of the garnishment summons, a letter was written by the garnishee to Roe stating that it would stand responsible for the agreed moving charge, and asking Roe to have the bill approved by a Mr. Johnson. Johnson's house had been destroyed by fire, and the garnishee authorized Johnson to buy another house and have it moved to his lot, at the garnishee's expense. In its motion to strike the traverse the garnishee stated that as the traverse had not been filed within the statutory time, the garnishee, believing that the plaintiffs had accepted the answer as true, "has changed its position to its damage, in that it has promised each and every one

of the intervening creditors that it would pay their said bills." The statements in the letter and motion are inconsistent with the claim that before the service of the garnishment summons there was an assignment or a novation. They indicate, on the contrary, that if there was any such arrangement, it was made after the service of the garnishment summons, possibly for the very purpose of avoiding the effect of the garnishment.

3. Other circumstances cast a doubt upon the claims of the interveners. It is noteworthy that if the interveners' claims were allowed, only $1.60 of the contract price of $250 would be due Roe, the very man employed to do the work. Again, Van Gorder, one of the interveners and a son-in-law of Roe, the judgment debtor, made out the claims for the other interveners, taking an order from them to have the checks delivered to him or to Roe. There is evidence justifying the inference that in at least some instances the amounts claimed to be due had been increased beyond the amounts actually due. Thus, Springer had made an admission that the amount due him was $17, whereas his claim, made out for him by Van Gorder, was for $32. And Stollins had made an admission that the amount due him was $70 or $72, whereas his claim, made out for him by Van Gorder, was for $104.

4. It is said that at the time of the service of the garnishment summons the work had not been completed, and therefore that part of the debt had not been impounded by the garnishment. But there was evidence to the effect that at that time the work had been completed. Besides, counsel for the garnishee admit that this matter had been overlooked by counsel at the trial and had not been called to the trial court's attention; hence the trial court had not been given an opportunity to pass upon the question. The assignment is without merit.

Two trial courts have heard the evidence concerning the transaction, and both have held for the plaintiff and against the garnishee and the interveners. There is

nothing in the record to justify a reversal of the judgment.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE MOORE concur.